Linda M Tirelli, Esq.
50 Main Street, Suite 405
White Plains, NY 10606
(914)732-3222
LTirelli@TW-LawGroup.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK
# WHITE PLAINS DIVISION

```
-------------------------------------------------------X
IN THE MATTER OF:                    )
                                     )
                                     )   CH. 13 CASE NO. 16-23516(RDD)
LORRAINE SANTOLI                     )
                                     )
         DEBTOR / MOVANT.            )
                                     )
                                     )   MOTION OBJECTING TO CLAIM
-------------------------------------------------------X
LORRAINE SANTOLI                     )
         MOVANT                      )
                                     )
VS.                                  )
                                     )
THE BANK OF NEW YORK MELLON          )
 FKA THE BANK OF NEW YORK,           )
AS TRUSTEE FOR THE                   )
CERTIFICATE HOLDERS OF               )
CWMBS REVOLVING HOME                 )
EQUITY LOAN                          )
TRUST, SERIES 2007-D                 )
AND                                  )
REAL TIME RESOLTIONS, INC.           )
         RESPONDENTS                 )
-------------------------------------------------------X
```

**DEBTOR'S SUPPLEMENT TO MOTION OBJECTING TO PROOF OF CLAIM 7-1
SEEKING DISALLOWANCE AND EXPUNGING OF CLAIM;
MOTION PURSUANT TO  11 U.S.C. 506 FOR DETERMINATION OF THE NATURE ND
EXTENT OF LIEN (IF ANY) AND SECURED STATUS OF "THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF CWMBS REVOLVING HOME EQUITY
LOAN TRUST, SERIES 2007-D"
AND
AND DETERMINATION OF VOIDNESS OF LIEN PURSUANT TO 11 U.S.C. 506 (d)(1)
AND MOTION FOR FRAUD ON THE COURT AND MOTION FOR SANCTIONS AND
DAMAGES PURSUANT TO 11 U.S.C. 362(K) AND 11 U.S.C. 105**

**COME NOW** the above-named Debtor, by and through their attorney of record, Linda M. Tirelli pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim Number 7-1 filed by the alleged claimant creditor identified in Part 1 Section 1 of said claim as "The Bank Of New York Mellon f/k/a The Bank Of New York, As Trustee For The Certificate Holders Of CWMBS Revolving Home Equity Loan Trust, Series 2007-D"" and / or an entity identified as "Real Time Solutions , Inc." in this case and in support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a petition with the Clerk of this court on November 4, 2016.

2. The Chapter 13 plan was filed with the court and served on all creditors on November 18, 2016.

3. The 341(a) meeting of creditors was held in White Plains, NY on Jnuary 6, 2017, the Respondents did not attend.

4. The bar date for filing claims was April 6, 2017.

5. The deadline to file an objection to confirmation of the Debtor's plan was March 7, 2017.  The Respondents did not object to confirmation of the Debtor's plan.  6.

6. On April 3, 2017, proof of claim number 7-1 was filed naming the creditor as "The Bank Of New York Mellon f/k/a The Bank Of New York, As Trustee For The Certificate Holders Of CWMBS Revolving Home Equity Loan Trust, Series 2007-D" and identified Real Time Solutions, Inc.  as the proper party for noticing and payment purposes. " (see POC 7-1, copy attached as **Exhibit "A"**).

7. Proof of Claim 7-1 is comprised of the following:

a) A THREE (3) page Official Form 410 electronically signed by Rose Velasquez, Senior Analyst at Real Time Solutions, Inc.   (see POC 11-1 pg. 3);

b) A FIVE (5) page "Exhibit A-1" which includes a debt summary page and purported spreadsheet (of unknown origin) claiming unsubstantiated sums for fees and costs as well as escrow, principal and interest ;

c) An EIGHT (8) page "Home Equity Credit Line Agreement and Disclosure Statement" dated April 19, 2007 which identifies the parties as Lorraine Santoli and

2

Countrywide Bank FSB and further describes a "credit limit of $125,000.00" and both a daily periodic rate and annual percentage rate which are variable and based on the highest prime rate as published in the "Money Rates" table of the Wall Street Journal as of the first business day of the calendar month.  The maximum rate is 18.00% or the maximum permitted by law, whichever is less;

      d) A ONE (1) page document, "Fee Addendum to Home Equity Credit Line Agreement and Disclosure Statement" dated April 19, 2007;

      e) A TWO (2) page document "Home Equity Confirmation Agreement describing an origination dated of March 22, 2007 and an Agreement Date of March 22, 2007 with an expiration date of May 7, 2007;

      f) A recording cover page for the Westchester County Land Records describing a, 8 page mortgage and indicating the recording date of May 22, 2007;

      g) A redacted FIVE (5) page "Credit Line Mortgage"  identifying the lender as "Countrywide Bank FSB" and identifying the mortgagee of record for purposes of recording, as MERS;

      g) A recording cover page for the Westchester County Land Records describing a ONE (1) page Assignment

      h) A 1 page assignment of Mortgage only from MERS as Nominee of Countrywide Bank, FSB to Bank of America NA dated August 12, 2013.

      i) A document of unknown significance and no known origin titled "Collection Agreement" dated February 1, 2013 which does not identify the Lender, the Debtor / Borrower, the subject credit line agreement or any of the identifying terms of any home equity loan. Said Collection Agreement is as between parties "Specialized Loan Servicing LLC" as servicer and "Real Time Solutions, Inc." as contractor.  While the document speaks for itself it seems to say the contractor is to collect on charged off loans.

3

8.	The Debtor avers that there is no document affixed to the Proof of Claim 7-1 which indicates a valid claim for either respondent.

9.	The Debtor avers that the Credit Line Agreement filed with the proof of claim is a non-negotiable instrument.

10.	The Debtor avers that according to the online records maintained by the FDIC, Countrywide Bank FSB became and inactive institution as of April 27, 2009.

11.	MERS cannot act as a nominee of an inactive institution, Countrywide Bank, FSB, on August 12, 2013 – more than 4 years and 3 months after the bank was inactive.

12.	The assignment of mortgage submitted with proof of claim 7-1 is a bogus document intended to entice the court's reliance.

13.	The Claimant is not the holder of a secured claim.

14.	There is no clear chain of transfers or clear chain of title to connect, explain or otherwise prove how the named claimant, a securitized trust, acquired the Debtor's Home Equity Line of Credit Agreement and Mortgage or the right to enforce the same;

15.	There is nothing attached to the proof of claim to prove an unbroken chain of title from any originating lender, Countrywide Bank, FSB to the named creditor identified on page 1 part 1 of official form 410.

16.	 The claimant is not the holder of a note bearing a valid indorsement to it or in blank.

17.	 The claimant has no valid claim.

18.	The claimant is not a lienholder.

**WHEREFORE,** the Debtor pray of the Court as follows:

A.	That the Court direct the Chapter 13 Trustee to strike Proof of Claim Debtor 7-1;

4

B.      That alleged claimant creditor identified in Part 1 Section 1 of Proof of Claim 7-1 as "The Bank Of New York Mellon f/k/a The Bank Of New York, As Trustee For The Certificate Holders Of CWMBS Revolving Home Equity Loan Trust, Series 2007-D" and / or an entity identified as "Real Time Solutions Inc." or any affiliate, successor, servicer and the like be precluded from filing an amended, modified or substitute claim in this case and be further precluded from presenting the omitted information, in any form, as evidence in this contested matter;

C.      That the Court disallow and expunge Proof of Claim 7-1;

D.      That the Court void any and all liens associated with Proof of Claim 7-1 pursuant to 11 U.S.C. 506(d)(1);

E.      That the Court strike the unsubstantiated sums claimed as owed by creditor identified in Proof of Claim 7-1;

F.      That the Court award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure of TWO (2) lawyers and a sophisticated mortgage servicer and sophisticated claimant to file a proof of claim compliant with the mandates of the Federal Rues of Bankruptcy Procedure;

      G.    That the Debtor have such other and further relief as the Court may deem just and proper.

This the 12th day of December 2017.

 /s/ Linda Tirelli
Linda M. Tirelli, Esq.
Debtor' Counsel
50 Main Street, Suite 405
White Plains, NY 10606
(914)732-3222 / LTirelli@TW-LawGroup.com