Linda M Tirelli, Esq.
50 Main Street, Suite 1265
White Plains, NY 10606
(914)732-3222
LTirelli@TW-LawGroup.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK
# WHITE PLAINS DIVISION

------------------------------------------------------X
IN THE MATTER OF:                    )
                                     )
                                     )   CH. 13 CASE NO. 16-23516(RDD)
**LORRAINE SANTOLI**                 )
                                     )
     DEBTOR / MOVANT.                )
                                     )
                                     )   MOTION OBJECTING TO CLAIM
------------------------------------------------------X
**LORRAINE SANTOLI**                 )
     MOVANT                          )
                                     )
VS.                                  )
                                     )
**THE BANK OF NEW YORK MELLON**      )
**FKA THE BANK OF NEW YORK,**        )
**AS TRUSTEE FOR THE**               )
**CERTIFICATE HOLDERS OF**           )
**CWMBS INC., CHLMORTGAGE PASS**     )
**THROUGH TRUST 2006-20**            )
**MORTGAGE PASS-THROUGH**            )
**CERTIFICATES, SERIES 2006-20**     )
**AND**                              )
**SHELLPOINT MORTGAGE**              )
**SERVICING**                        )
     RESPONDENTS                     )
------------------------------------------------------X

**DEBTOR'S MOTION OBJECTING TO PROOF OF CLAIM 2-1 SEEKING
DISALLOWANCE AND EXPUNGING OF CLAIM;
MOTION PURSUANT TO 11 U.S.C. 506 FOR DETERMINATION OF THE NATURE
AND EXTENT OF LIEN (IF ANY) AND SECURED STATUS OF "THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH
TRUST 2006-20 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-20"
AND
AND DETERMINATION OF VOIDNESS OF LIEN PURSUANT TO 11 U.S.C. 506(d)
AND MOTION FOR FRAUD ON THE COURT**

**COME NOW** the above-named Debtor, by and through their attorney of record, Linda M. Tirelli pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim Number 2-1 filed by the alleged claimant creditor identified in Part 1 Section 1 of said claim as "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-20 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-20" **and** further move this Court pursuant to 11 U.S.C. §506(a) and bankruptcy rule 3012 to determine the value of security and creditor's allowed secured claim and further move this Court pursuant to 11 U.S.C. §506(d) to declare the lien void and further move this court to award for damages, sanctions and injunctive relief under the Court's inherent powers granted under 11 U.S.C. §105. In support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a petition with the Clerk of this court on November 4, 2016.

2. The Chapter 13 plan was filed with the court and served on all creditors on November 18, 2016.

3. The 341(a) meeting of creditors was held in White Plains, NY on January 6, 2017, the Respondants did not attend.

4. The bar date for filing claims was April 6, 2017.

5. The deadline to file an objection to confirmation of the Debtor's plan was March 7, 2017.  The Respondents did not object to confirmation of the Debtor's plan.

6. On November 29, 2016, proof of claim number 2-1 was filed naming the creditor as "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-20 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-20" (hereinafter "claimant" or "Creditor")and identified Shellpoint Mortgage Servicing Inc.  as the proper party for noticing and payment purposes.  (see POC 2-1, copy attached as **Exhibit "A"**).

7. Proof of Claim 2-1 is comprised of the following:

2

a) A THREE (3) page Official Form 410 electronically signed by Adryan Fambro, Bankruptcy Case Manage at Shellpoint Mortgage Servicing, Inc.  (see POC 2-1 pg. 3);

b) A SEVEN (7) page official form 410A which includes a loan history claiming unsubstantiated sums for fees and costs as well as escrow, principal and interest;

c) A single page Exhibit "A" summarizing the alleged arrears to include fees and costs added to the loan along with escrow and mortgage payments;

d) A single page Exhibit "A1" summarizing the alleged arrears to include fees and costs added to the loan along with escrow and mortgage payments.  Curiously, this exhibit also includes the following statement across the bottom:

"Noteholder, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Noteholder or has been duly endorsed.  Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.";

e) A TWO (2) page Annual Escrow Disclosure Statement;

f) A THREE (3) page "Assignment of Mortgage" dated August 18, 2015, assigning the mortgage only from Assignor, "THE BANK OF NEW YORK  AS TRUSTEE FOR THE CERTIFICATE HOLDERS CHL MORTGAGE PASS-THROUGH TRUST 2006-20,  MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-20 C/O NEW PENN FINANCIAL LLC DBA SHELLPOINT MTG SERVICING, 55 BEATTIE PL #110, GREENVILLE, SC 29601-0000"

to Assignee, "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-20 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-20 C/O NEW PENN FINANCIAL LLC

3

DBA SHELLPOINT MTG SERVICING, 55 BEATTIE PL #110, GREENVILLE, SC 29601-0000"

the Assignment of Mortgage indicates at the bottom of page 1, "The assignee is not acting as a nominee of the mortgagor and that the mortgage continues to secure a bonafide obligation."

The Assignment of Mortgage indicates at the bottom of page 2, that it was prepared by a document production company known as T.D. Service Company, LR Department.  Based upon information and belief, T.D. Service Company is now part of First American Mortgage Solutions. See Exhibit B, a copy of a screen shot of the home page of First American Mortgage Solutions.  The Exhibit "A'" to the alleged assignment of mortgage details a chain of alleged mortgages, assignments and CEMAs without actually attaching copies.  The Debtor avers this so-called assignment of mortgage is a fabricated document created by a document production company for hire by a mortgage servicer.

    g) A "Consolidation Extension and Modification Agreement" dated November 21, 2006 as between lender "Countrywide Home Loans, Inc. and the Debtor.  Said document purports to consolidate Notes and Morgages identified in an Exhibit A attached to the CEMA including a mortgage and note dated April 21, 2003, a mortgage and note dated November 22, 2005 to form a new note in the amount of $687,500.00 with an unpaid principal balance of $595,000.00.

    h) A THIRTEEN (13) page Mortgage dated November 21, 2006 between Lender "Countrywide Home Loans Inc" and the Debtor.

    i) A THREE (3)page "Consolidated Note" dated November 21, 2006 in the amount of $595,000.00 as between Lender Countrywide Home Loans Inc" and the Debtor.  The Note is not further indorsed.

4

j) A single page document which appears to be a cover page for a pooling and servicing agreement.

k) A three page Limited Power of Attorney executed on December 16, 2015. Expired by its terms on December 16, 2017, permitting Shellpoint Mortgage Servicing to perform and execute certain documents on behalf of a parties to a particular securitized trust.

8. The Debtor avers that there is no document affixed to the Proof of Claim 2-1 which indicates a valid claim for the respondent.

9. The Debtor avers that the Consolidated Note filed with the proof of claim is a non-negotiable instrument.

10. The Debtor avers that according to the online records maintained by the FDIC, Countrywide Bank FSB became and inactive institution as of April 27, 2009.

11. The assignment of mortgage submitted with proof of claim 2-1 was prepared by a document manufacturer, purports to assign the mortgage only and is a bogus document intended to entice the court's reliance.

13. The Claimant is not the holder of a secured claim.

14. There is no clear chain of transfers or clear chain of title to connect, explain or otherwise prove how the named claimant, a securitized trust, acquired the Debtor's Home Equity Line of Credit Agreement and Mortgage or the right to enforce the same;

15. There is nothing attached to the proof of claim to prove an unbroken chain of title from the originating lender, Countrywide Home Loans Inc. to the named creditor identified on page 1 part 1 of official form 410.

16. The claimant is not the holder of a note bearing a valid indorsement to it nor does the claimant hold a note indorsed in blank.

17. Debtor objects to Proof of Claim 2 on the grounds that the alleged creditor is not entitled to enforce the debt or security interest that is the subject of Claim 2 against her or the Property.

18. The creditor does not attach any valid writing that establishes its standing as a party or creditor entitled to enforce the alleged debt or security interest that is the subject of Claim 2.

19. The Note attached to Proof of Claim 2 is not indorsed, and the named creditor has failed to meet its burden to prove that the purported indorsement-in-blank appears on the version of the note attached to Claim 5. See In re Carrsow-Franklin, 524 B.R. 33, 54-55 (Bankr. S.D.N.Y. 2015).

20. The creditor has not demonstrated, as required by applicable law, that it can maintain a prima facie case of liability against Debtor and, therefore, neither Debtor nor the bankruptcy estate can be held liable for the Claim. Accordingly, Claim 2-1 should be disallowed pursuant to 11 U.S.C. § 502(b)(1) and all liens associated with Proof of Claim 2-1 should be deemed void pursuant to 11 U.S.C. 506(d)(1).

**WHEREFORE,** the debtors pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike Proof of Claim 2-1;

B. That THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CHL MORTGAGE PASS-THROUGH TRUST 2006-20, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-20 C/O NEW PENN FINANCIAL LLC DBA SHELLPOINT MTG SERVICING, 55 BEATTIE PL #110, GREENVILLE, SC 29601-0000 or any affiliate, successor, servicer and the like be precluded from filing an amended, modified or substitute claim in this case;

C. That the Court disallow and expunge Proof of Claim 2-1;

D. That the Court void any and all liens associated with Proof of Claim 2-1 pursuant to 11 U.S.C. 506(d)(1);

6

E.  That the Court award legal fees to the Debtors and other damages, sanctions and injunctive relief under the Court's inherent powers granted under 11 U.S.C. 105; and

F.  That the debtors have such other and further relief as the Court may deem just and proper.

DATED: April 23, 2019                              By: /s/Linda M. Tirelli, Esq.

                                                   TIRELLI LAW GROUP, LLC
                                                   50 Main Street, Suite 1265
                                                   White Plains, N.Y. 10606
                                                   Phone: 914-732-3222
                                                   Email: LTirelli@TW-LawGroup.com