Hill Wallack LLP
575 Lexington Ave.
Fourth Floor
New York, NY 10022
Michael T. Rozea, Esq.

Hearing Date: March 17, 2021 @ 2:00 p.m.
Objections Due: March 10, 2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

In re:                                    Chapter 13

Lorraine Santoli,                         Case No.: 16-23516 (SHL)

               Debtor.

-------------------------------------------------------------X

### NOTICE OF HEARING ON MOTION FOR RECONSIDERATION OF ORDER GRANTING DEBTOR'S MOTION OBJECTING TO PROOF OF CLAIM NO. 2-1

**PLEASE TAKE NOTICE,** that NewRez LLC d/b/a Shellpoint Mortgage Servicing in its capacity as servicer for Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-through Trust 2006-20 Mortgage Pass-through Certificates, Series 2006-20 ("Movant"), by its counsel, Hill Wallack LLP, will move before the Honorable Sean H. Lane, United States Bankruptcy Judge on March 17, 2021 at 2:00 p.m., or as soon thereafter as Movant may be heard, located at 300 Quarropas Street, White Plains, New York, 10601, on the annexed motion (the "Motion") *Motion for Reconsideration of the Order Granting Debtor's Motion Objecting to Proof of Claim 2-1 entered December 16, 2020* pursuant to Fed. R. Civ. P. 59(e) and 60(b), made applicable in this case by Fed. R. Bankr. P. 9023 and 9024, and pursuant to 11 U.S.C. § 502(j), together with such other, further, and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules,

1

state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, and served upon, so as to be received by, Hill Wallack LLP, counsel for Movant, Attn: Michael T. Rozea, Esq., no later than **March 10, 2021** as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at [www.nyeb.uscourts.gov](www.nyeb.uscourts.gov) in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

      **PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

DATED:   December 30, 2020
            New York, New York

                                         **HILL WALLACK LLP**

                                         By: */s/ Michael T. Rozea*
                                              Michael T. Rozea, Esq.
                                              Hill Wallack LLP
                                              Attorneys for Movant
                                              575 Lexington Ave.
                                              Fourth Floor, Suite 4057
                                              New York, NY 10022

**Hill Wallack LLP**
575 Lexington Ave.
Fourth Floor
New York, NY 10022
Michael T. Rozea, Esq.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

In re:                                                          Chapter 13

Lorraine Santoli,                                               Case No.: 16-23516 (SHL)

               Debtor.

-------------------------------------------------------------x

### MOTION FOR RECONSIDERATION OF ORDER GRANTING DEBTOR'S MOTION OBJECTING TO PROOF OF CLAIM NO. 2-1

    NewRez LLC d/b/a Shellpoint Mortgage Servicing in its capacity as servicer for Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-through Trust 2006-20 Mortgage Pass-through Certificates, Series 2006-20 ("Movant"), by and through its undersigned counsel, hereby submits this *Motion for Reconsideration of the Order Granting Debtor's Motion Objecting to Proof of Claim 2-1 entered December 16, 2020* ("Expungement Order", Dkt. no. 71) pursuant to Fed. R. Civ. P. 59(e) and 60(b), made applicable in this case by Fed. R. Bankr. P. 9023 and 9024, and pursuant to 11 U.S.C. § 502(j), and in support hereof, respectfully states as follows:

### PRELIMINARY STATEMENT[1]

    By this Motion, Movant seeks reconsideration and re-argument of Debtor's claim objection which was granted at a hearing held on January 8, 2020 ("January 8 Hearing")[2] - a hearing which Movant was not provided notice of. Rather, the docket and the Court's Order to Show Cause

---

[1] The facts relevant to this Motion are set forth in the accompanying Declaration of Michael T. Rozea. Terms not otherwise defined herein shall have the meanings ascribed in the Declaration.
[2] A true and correct copy of the January 8 Transcript is annexed to the Declaration as **Exhibit "E"**.

entered on November 25, 2019 (dkt. no. 45), reflect that a hearing on the Claim Objection was scheduled for a week later on January 15, 2020.

For reasons unknown to Movant, the January 8 Hearing was held (without notice to Movant) and the Claim Objection was granted (presumably based upon Debtor's representations that all known parties were served with the Order to Show Cause and provided appropriate notice). However, notwithstanding these (mis)representations, Movant's counsel was not served with the Order to Show Cause or notified of the rolled forwarded January 8 Hearing date despite having filed its Lift Stay Motion before on November 25, 2019 (dkt. no. 46). Indeed, the filing of the Lift Stay Motion (with respect to the same property as the Claim Objection) put Debtor on notice of Movant's counsel's appearance in this case. Notwithstanding this notice, both the docket and the January 8 Hearing Transcript reveal that the Debtor did not notify the Court of Movant's counsel's appearance and deprived Movant of notice of the rolled-forward January 8 Hearing date and the right to be heard on the merits of the action.

Importantly, a response to the Claim Objection was filed on January 8, 2020 (dkt. no. 46) which asserted that Movant has possession of the Consolidated Note endorsed in blank and is the holder of the note. Accordingly, since it was not provided notice of the January 8 Hearing, Movant was unable to appear and argue its position, and as a result, the Expungement Order should be reconsidered and re-argued based upon a lack of due process and because it grants extraordinary relief not contemplated by the Claim Objection in seeking to void the lien.

In addition, Debtor's own conduct after the January 8 Hearing further warrants reconsideration of the Expungement Order. While counsel to Movant attempted to appear at the scheduled January 15, 2020 hearing with respect to the Order to Show Cause, the bankruptcy clerk advised that those hearings were rolled forward to January 8, 2020. Counsel to the Movant then

contacted chambers who advised that the Debtor was supposed to notify of the date change and shortly thereafter Debtor filed a letter adjourning the Claim Objection to February 12, 2020, which was further adjourned multiple times to October 7, 2020.

Importantly, from the filing of the January 2020 Claim Objection Adjournment Letter and for the next ten months, both parties continued to operate as though the Claim Objection had been adjourned and steps were taken to attempt to resolve the dispute. Indeed, upon making a formal appearance in this matter in April 2020, the undersigned and Debtor's counsel made arrangements to view the original collateral documents in connection with the Claim Objection, which inspection took place in Movant's counsel's Manhattan office with Debtor's counsel and the Debtor on October 22, 2020. Thereafter, it was only at the conclusion of the hearing held on November 4, 2020, after denying the Debtor's Motion to Convert, did the Court comment that the Claim Objection was granted back at the January 8 Hearing.

Eleven months after the Claim Objection was originally granted, on November 4, 2020, Debtor's counsel circulated a proposed order to the undersigned who objected to the form and voiced concerns over certain findings in the Expungement Order. In order to address those issues, the undersigned requested a copy of the January 8 Hearing transcript to review. Debtor's counsel indicated that she would provide a copy of the transcript, but never did, and without notice to Movant, the Expungement Order was submitted *ex parte* to the Court without Movant's counsel consent or review, and ultimately entered on December 16, 2020.

In light of the above, and as set forth more fully below, Movant requests reconsideration and re-argument of the Expungement Order as it was obtained through unclean hands and without proper notice to Movant. Simply stated, reconsideration and re-argument is necessary to prevent manifest injustice to Movant and to permit the Claim Objection to be heard on its merits.

## **LEGAL STANDARDS**

1. Federal Rule of Civil Procedure ("FRCP") Rule 60(b), made applicable by Bankruptcy Rule 9024, provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (6) any other reason that justifies relief.

2. FRCP Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment. Rule 59(e) is made applicable to bankruptcy matters by Bankruptcy Rule 9023.

3. Local Bankruptcy Rule 9023-1 requires that "A motion for reargument of a court order determining a motion must be served within fourteen (14) days after entry of the Court's order determining the original motion."

4. Local Bankruptcy Rule 3008-1 expressly provides "If a motion to reconsider is granted, notice and a hearing shall be afforded to parties in interest before the previous action taken with respect to the claim may be vacated or modified."

5. To obtain relief pursuant to Bankruptcy Rule 9023, the moving party must demonstrate the need to "prevent manifest injustice." *In re Best Payphones, Inc.*, No. 01-15472 (SMB), 2007 Lexis 266, at *15 (Bankr. S.D.N.Y. Jan. 24, 2007) (citing *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

6. Manifest injustice is measured within the discretion of the court, but can be shown where a judgment was supported by fraud or foul play. *See In re Gunboat Int'l. Ltd.*, 557 B.R. 410, 423 (Bankr. E.D.N.C. 2016) (finding a misrepresentation under Rule 60(b)(3) and setting aside sale on the grounds that the sale order failed to resolve clearly the parties' ongoing rights and liabilities regarding the assets in question).

7. While the purpose of a motion to reconsider is not to give a moving party "another bite of the apple" by permitting argument on issues that could have been raised in the original motion, that is not the case here. *Enron Corp. J.P. Morgan Sec. (In re Enron Corp.)*, 356 B.R. 343, 351 (Bankr. S.D.N.Y. 2006) (citing *In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998). Instead, Movant seeks reconsideration because it will suffer manifest injustice by virtue of the fact that the Claim Objection was granted at a hearing in which Movant was not provided notice and because Movant has filed a response indicating it is the holder of the Consolidate Note endorsed in blank.

8. Moreover, Rule 60(b) is "a remedial rule to be liberally construed." *Altschul v. Paine Webber, Inc.*, 488 F. Supp. 858, 859 (S.D.N.Y. 1980).

**ARGUMENT**

**A. Reconsideration is Warranted to Prevent Manifest Injustice Because Movant was not Provided Notice and an Opportunity to be Heard at the January 8 Hearing**

9. As set forth above, despite filing the Lift Stay Motion in November 2019, Movant's counsel was not served with a copy of the Order to Show Cause or notified of the January 8 Hearing.

10. Movant was not notified by the Debtor or the Court that the hearing date with respect to the Order to Show Cause was pushed forward from January 15, 2020 to January 8, 2020.

11. Additionally, the Debtor was on constructive notice of Movant's counsel's appearance by not only the filing of the Lift Stay Motion in November 2019, but also the Amended Proof of Claim filed the day before the January 8 Hearing.

12. The Debtor made misrepresentations at the January 8 Hearing when she advised that all parties who could be located were served with a copy of the Order to Show Cause and the January 8 Transcript reveals that the Court based its decision on Debtor's misrepresentations.

13. Moreover, on January 8, 2020, Movant filed its Response to the Claim Objection indicating that it was the holder of the Consolidated Note, which was endorsed in blank, and as such, demonstrated sufficient standing to proceed with its claim.

14. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15 (1950); *In re Luis R. Plumey Torrado*, 1995 WL 723235 (D.P.R. Bankr. 1995) (granting a motion for reconsideration where creditor was provided insufficient notice).

15. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice and opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

16. As set forth above, FRCP 60 provides for reconsideration when an order was obtained through misrepresentation or mistake, and as such, the Expungement Order should be re-considered and re-argued based upon the arguments set forth in the Response to Claim Objection, which establish Movant's standing to proceed.

**B. Reconsideration is Warranted to Prevent Manifest Injustice Because Movant has Standing to File the Proof of Claim Through Possession of the Original Consolidated Note**

17. Movant has standing to file the proof of claim in this proceeding because it has possession of the original Consolidated Note endorsed in blank which Debtor's counsel and the Debtor were able to physical review and inspect when they attended the Collateral File Inspection on October 22, 2020.

18. "[P]laintiff's physical possession of the Note, containing an indorsement 'in blank,' at the time the action was commenced . . . was sufficient to confer standing upon it to commence this action seeking to enforce payment of the Note." *Green Tree Servicing LLC v. Christodoulakis*, 136 F. Supp. 3d 415, 428-29 (E.D.N.Y. 2015) (omitting citation); *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010). Bankruptcy courts have authority to reconsider the allowance or disallowance of claims for cause pursuant to section 502(j) of the Bankruptcy Code. 11 U.S.C. § 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause."). Reconsideration of the allowance or disallowance of a claim under this section is a two-step process. *Municipality of Carolina v. Gonzalez* (*In re Gonzalez*), 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013). First, the court must determine whether "cause" has been shown. *Id.* Second, the court must determine whether the "equities of the case" dictate allowance or disallowance. *Id.* The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed.R.Civ.P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed.R.Civ.P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Residential Capital, LLC*, 528 B.R. 570, 572–73 (Bankr. S.D.N.Y. 2014), *citing In re Terrestar Networks, Inc.,* No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013).

19. As set forth above, Rule 60 permits a court to grant relief from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). *In re Residential Capital,* LLC, 528 B.R. 570, 572–73 (Bankr. S.D.N.Y. 2014).

20. First, Movant's conduct has not been "willful" and the only reason why Movant was unable to argue its Response to the Claim Objection on the merits was because the Debtor did not notify Movant of the rolled-forward January 8 Hearing date. Willful conduct requires "something more than just negligence or carelessness on the part of the movant." *In re Enron*, 326 B.R. at 51 (citing *Am. Alliance Ins.*, 92 F.3d at 59). "Defaults that are caused by negligence may be excusable. . . ." *Id.* Movant's conduct since the January 8 Hearing only demonstrates Movant's good faith basis to attempt to resolve the Claim Objection. Indeed, Debtor's counsel has already reviewed the original collateral file, including the endorsed note. Accordingly, all of Movant's actions have been in good faith and any doubts should be resolved in favor of Movant "to increase the likelihood that [the] dispute[] will be resolved in [the] merits. *In re Enron*, 326 B.R. at 51 (citing *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 172 (2d Cir. 2001)).

21. Second, Movant has a legally supportable defense to the Debtor's Claim Objection. New York law requires possession of the original note for a claimant to assert standing to file a proof of claim in the bankruptcy court or to foreclose on a mortgage in the state court. *See Aurora Loan Services, LLC v Taylor*, 25 NY3d 355, 361–62 (2d Cir. 2015) (holding

that "[A]ny disparity between the holder of the note and the mortgagee of record does not stand as a bar to a foreclosure action because the mortgage is not the dispositive document of title as to the mortgage loan; the holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose). Here, Movant was in possession of the original Note at the time it filed its proof of claim and thus has standing. In addition, the original collateral documents have already been made available for the Debtor to review.

22. Third, the amount of prejudice that the Debtor would suffer if the Court granted the motion for reconsideration is *de minimus*. Generally, mere delay is not sufficient to demonstrate a sufficient level of prejudice. *In re Enron*, 326 B.R. at 53 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983)). Rather, to demonstrate a sufficient level of prejudice to defeat a motion for reconsideration, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* In addition, "claimants have the right to have their claims determined with finality." *In re JWP Information Services, Inc.*, 231 B.R. 209, 213 (Bankr.S.D.N.Y.1999).

23. In the instant case, the Debtor acknowledges in her schedules that there is a lien on the Property and that there is money owed on the underlying loan. The only remaining issue is the identity of the holder of the Note. If provided the opportunity to argue the Claim Objection on the merits, Movant is prepared to submit evidence necessary to prove its standing to enforce the Note. Although the record reflects a brief one day delay in filing its Response to the Claim Objection caused by excusable neglect, the Debtor cannot show that such delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Indeed, it was the Debtor who originally did not properly serve the Claim Objection and did not

notify Movant's counsel of the rolled-forward January 8 Hearing, thus any prejudice caused by the delay is not sufficient to defeat reconsideration.

**C. Debtor's Actions and Filings after the January 8 Hearing Warrant Reconsideration**

24. After the January 8 Hearing, Debtor filed her January 2020 Claim Objection Adjournment Letter, which sought to adjourn the Claim Objection to February 12, 2020. The only logical explanation for why this adjournment letter was filed was because the Debtor recognized that proper notice of the January 8 Hearing was never provided, and therefore sought to reschedule the hearing with proper notice.

25. Thereafter, and for the next eleven months, all of the Debtor's correspondence with Movant indicated that the Claim Objection was still pending, and which is why the parties took the affirmative steps of arranging for the Collateral Inspection in October 2020.

26. Moreover, Debtor's Motion to Convert filed in October 2020 belies any argument Debtor could make that the Expungement Order was properly granted as Debtor relied upon the face value of Movant's claim in seeking to establish that she was over the debt limit (i.e., if claim already expunged, there is no basis to rely on the face value of that claim).

27. Based upon the foregoing, Debtor's post-January 8 Hearing conduct reveals that the Debtor continued to operate as though the Claim Objection was pending for the past months (because it was obtained through mistake or misrepresentation) and as such, there is sufficient basis for the Court to grant this Motion and reconsider the Claim Objection based on a complete record with proper notice to all parties.

**D. The Expungement Order Includes Findings that are not Supported by the Record or Was not Relief Sufficiently Requested in the Claim Objection**

28. In contravention of Chamber's Rules, Debtor's Claim Objection filed in April 2019 did not include a form of proposed order granting the relief requested.

29. As discussed above, after the November 4 Hearing, the Debtor circulated a proposed order which failed to include a complete record of the proceedings (by not including the Amended Claim and Response to Claim Objection filed by Movant) and included references of service made on the Stern NOA party – which is an unrelated creditor. In addition, the proposed order made findings that did not appear supported by the record, including, but not limited to, voiding the lien under 11 U.S.C. § 506.

30. Notably, Movant's Response to Claim Objection argued that Debtor's request to avoid the lien pursuant to 11 U.S.C. § 506 was inappropriate as it violated Rule 3007.1 and such relief to void the lien would need to be requested through an adversary proceeding as specified in Rule 7001.

31. As the Expungement Order includes relief and the request to void the lien was not filed through an adversary proceeding, Movant submits that insufficient evidence was presented, and an insufficient record was made at the January 8 Hearing to support the findings in the Expungement Order.

32. Movant submits that it would suffer manifest injustice if reconsideration of the Expungement Order is not granted as it was obtained without due process, seeks relief to which it is not entitled and to ensure that the Claim Objection is heard in connection with the Response filed in opposition.

## CONCLUSION

33. In light of the foregoing, Movant respectfully requests that this Court enter an order granting reconsideration of the Debtor's Claim Objection, for the reasons set forth more fully above.

**WHEREFORE,** the Movant respectfully request that the Court grant the relief requested herein, and for such other and further relief as the Court deems just and proper.

Dated: December 30, 2020
New York, New York

**HILL WALLACK LLP**

By: */s/ Michael T. Rozea*
Michael T. Rozea, Esq.
Hill Wallack LLP
Attorneys for Movant
575 Lexington Ave.
Fourth Floor, Suite 4057
New York, NY 10022