UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                            Chapter 13

LORRAINE SANTOLI,                                                  Case No. 16-23516 (SHL)

                           Debtor.

-----------------------------------------------------------x

## ORDER GRANTING MOTION FOR RECONSIDERATION

**A P P E A R A N C E S :**

**TIRELLI LAW GROUP, LLC**
*Counsel for Debtor*
50 Main Street, Suite 1265
White Plains, New York 10606
By:    Lina M. Tirelli, Esq.

**HILL WALLACK LLP**
*Counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing in its capacity as servicer for Bank of New York Melon f/k/a the Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-20 Mortgage Pass-through Certificates, Series 2006-20*
575 Lexington Avenue, Fourth Floor
New York, New York 10022
By:    Michael T. Rozea, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

       Before the Court is the motion (the "Motion for Reconsideration") [ECF No. 73] of

NewRez LLC d/b/a Shellpoint Mortgage Servicing in its capacity as servicer for Bank of New

York Mellon (the "Movant" or "Shellpoint") for reconsideration of the Court's order granting the

Debtor's motion objecting to Proof of Claim No. 2-1 entered on December 16, 2020 (the

"Expungement Order") [ECF No. 71]. For the reasons set forth below, the motion is granted.

## BACKGROUND

Lorraine Santoli (the "Debtor") filed for Chapter 13 relief on November 3, 2016. ECF No. 1. In late November 2016, Shellpoint filed its Proof of Claim No. 2-1. *See* Declaration in Support of Motion for Reconsideration of Order Granting Debtor's Motion Objecting to Proof of Claim No. 2-1 ¶ 2 (the "Shellpoint Declaration") [ECF No. 73-1]; *see also* Debtor's Motion Objecting to Proof of Claim 2-1 (the "Expungement Motion"), Ex. A (Proof of Claim No. 2-1) [ECF No. 34-1]. In May 2018, Margaret Cascino, counsel for Bank of New York Melon, filed a notice of appearance in this case. ECF No. 26. On April 23, 2019, the Debtor filed the Expungement Motion seeking to expunge Claim No. 2-1 filed by Shellpoint. *See* Expungement Motion [ECF No. 34]. The Expungement Motion was served on Ms. Cascino although it was not served on the address provided for Shellpoint on its Proof of Claim. *See* Certificate of Service [ECF No. 34-4].

Shellpoint did not initially respond to the Debtor's Expungement Motion. On July 24, 2019, a hearing was held on this matter at which Shellpoint failed to appear. *See* ECF No. 37. The matter was adjourned to August 28, 2019. *Id.* On July 26, 2019, the Debtor re-served her Expungement Motion; this time it was served on the CEO of Bank of New York Melon and on Shellpoint at the address listed on its Proof of Claim and on Ms. Cascino. *See* Certificate of Service [ECF No. 38]. After Shellpoint failed to appear at a hearing in August 2019, the Expungement Motion was adjourned to November 6, 2019. *See* ECF No. 40. Shellpoint once again failed to appear on November 6, 2019. Given Shellpoint's failure to appear, the Court entered an Order to Show Cause on November 22, 2019. *See* Order to Show Cause Directing Bank of New York Melon to File Any Opposition to Debtor's Motion Objecting to Claim 2-1 (the "Order to Show Cause") [ECF No. 45]. The Order to Show Cause provided that a hearing

on the Expungement Motion was scheduled for January 15, 2020 at 10:00 A.M and that any opposition to the Expungement Motion was to be filed on or before January 7, 2020. *See* ECF Nos. 42, 45. The Order to Show Cause further provided that the Debtor "shall serve this Order to Show Cause directly to Bank of New York Mellon Corp., and its serving agent 'Shellpoint Mortgage Servicing'" at specified addresses. *Id.* The Order to Show Cause was served on, among others, the entities listed above and on Ms. Cascino by the Debtor and by the Court. *See* ECF Nos. 42, 43, 44, 45, 47, 49.

Prior to the January 15th hearing date, the Court rescheduled that day's calendar to January 8, 2020. The Court notified all parties listed on that day's calendar of the change via email, and notification was posted on the Court's website. However, no notification of such a change was posted on the docket for this case. Apart from the notifications emailed and posted by the Court, Shellpoint was not directly served with any notice of the date change.

Unaware that Shellpoint itself had not received notice of the new hearing date, the Court granted the Debtor's motion to expunge Claim No. 2-1 at the January 8, 2020 hearing on the record when Shellpoint did not appear. *See* Hr'g Tr. 2:12–4:6, Jan. 8, 2020 [ECF No. 70]. On the same day—and one day after the deadline set forth in the Order to Show Cause—Shellpoint filed its opposition to the Debtor's Expungement Motion. *See* ECF No. 50. Shellpoint asserts that it appeared for the January 15, 2020 hearing on the Order to Show Cause, only to learn that the hearing on the Expungement Motion had taken place one week earlier. *See* Motion for Reconsideration at 4, 7; Shellpoint Declaration ¶ 18. On December 16, 2020, the Expungement Order was entered on the docket. *See* ECF No. 71. The Debtor's Chapter 13 plan (the "Plan") was confirmed in late December 2020. *See* ECF No. 72. Shellpoint then filed the instant Motion

3

for Reconsideration on December 30, 2020. ECF No. 73. On March 17, 2021, the Court held a hearing at which oral argument was heard on the Motion for Reconsideration.

## DISCUSSION

A.  Applicable Legal Standard

Shellpoint's request for relief is governed by Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, which are made applicable to this proceeding by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. *See* Motion for Reconsideration at 6 (citing Rule 59(e) and Rule 60(b)(1), (3), (4), and (6)); *id.* at 9 (citing 11 U.S.C Section 502(j) (providing that "[a] claim that has been allowed or disallowed may be reconsidered for cause")); *see In re Residential Cap., LLC*, 528 B.R. 570, 572–73 (Bankr. S.D.N.Y. 2014) (noting that the standard for Section 502(j) is the same as under Rules 59 and 60).

Rule 59(e) of the Federal Rules of Civil Procedure authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Such request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Nor is it "an

opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" *Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). "Arguments raised for the first time on a motion for reconsideration are therefore untimely." *Cruz*, 2006 WL 547681, at *1 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)). Additionally, "[a] party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court." *In re CPJFK, LLC*, 496 B.R. 65, 67 (Bankr. E.D.N.Y. 2011) (quoting *Scheidelman v. Henderson (In re Henderson)*, 2010 WL 4366021, at *5 (Bankr. N.D.N.Y. Oct. 28, 2010)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations omitted). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

Rule 60(b) provides that the Court may relieve a party from a final judgment, order, or proceeding due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) only applies "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" and "there are extraordinary circumstances justifying relief." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). "As (b)(6) applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect." *Nemaizer*, 793 F.2d at 63.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "Rule 60(b) may not be used to 'relitigate matters settled by the original judgment.'" *Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)). "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391. "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *In re Enron Corp.*, 2003 WL 1562202, at *12 (Bankr. S.D.N.Y. Mar. 21, 2003) (quoting *Nemaizer,* 793 F.2d at 61)). Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)). Rule 60(b) "is not 'a substitute for a timely appeal. . . .'" *Frankel*, 939 F. Supp. at 1127 (quoting *Nemaizer*, 793 F.2d at 61).

"[A] default judgment may only be set aside in accordance with Rule 60(b)." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(c)). "Federal Rules of Civil Procedure 55(c) and 60(b) together provide the framework for vacating default judgments. A court may vacate [a] default judgment 'for good cause' under Rule 55(c),

6

or for any of the six enumerated bases listed under Rule 60(b)." *Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013), *aff'd in part, modified in part sub nom. Glob. Gold Min., LLC v. Ayvazian*, 612 F. App'x 11 (2d Cir. 2015). "Default judgment is an extreme sanction that is disfavored in the Second Circuit," *id.* (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir.2001)), and "motions to vacate default judgments are to be granted liberally," *id.* (quoting *Int'l Cargo & Sur. Ins. v. Mora Textiles Corp.*, 1991 WL 120359, at *2 (S.D.N.Y.1991)). Indeed, "Rule 60(b) is its strongest in the context of setting aside default judgments. . . . 'There is much more reason for . . . reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits.'" *Id.* (quoting *Standard Enterprises, Inc. v. Bag–It, Inc.*, 115 F.R.D. 38, 39 (S.D.N.Y.1987)). "[A]ll doubts should be resolved in favor of those seeking relief." *Id.* (quoting *Davis v. Musler,* 713 F.2d at 915); *see also Peterson*, 467 F. App'x at 33 ("the district court must resolve any doubts in the defaulting party's favor"). "As a general limiting principle, '[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort which should only be imposed upon a serious showing of willful default.'" *Id.* (quoting *Musler*, 713 F.2d at 915).

B.    <u>Shellpoint's Motion is Granted</u>

Applying these standards here, the Court finds that the record supports granting Shellpoint's Motion for Reconsideration under Rule 60(b).

In her opposition, the Debtor correctly notes several examples demonstrating Shellpoint's "repeated long time failure to appear and failure to timely respond to the Debtor's Motion to Expunge and Objecting to [POC] No. 2." Objection to Motion for Reconsideration at 1 (the "Debtor's Objection to Motion") [ECF No. 79]. Shellpoint's cavalier disregard for its

7

obligations earlier in the case is very troubling.  But as the law generally abhors a default, the Court issued the Order to Show Cause here.  Thus, Shellpoint's actions in response to the Order to Show Cause are the proper focus of the Court's analysis today.  As discussed above, the Order to Show Cause set a hearing date on January 15, 2020, with any opposition to the Debtor's Motion for Reconsideration due on January 7, 2020.  *See* Order to Show Cause at 2.  It further ordered that Bank of New York Melon and Shellpoint be served "directly" at addresses specifically listed in the order.  *See id.* at 2–3.  While Shellpoint was served directly at the designated addresses with notice of the original January 15, 2020 hearing date—for which it ultimately attempted to appear—Shellpoint was not directly served with notice that the January 15th hearing was moved to January 8, 2020.  And it was Shellpoint's failure to appear at the January 8, 2020 hearing that was central to the expungement of Claim No. 2-1.  "Rule 60(b)(4) applies . . . in the rare instance where a judgment is premised . . . on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).  "Of the[ ] grounds for vacating default judgment, Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'"  *Ayvazian*, 983 F. Supp. 2d at 384 (quoting *Covington Indus. v. Resintex A.G.,* 629 F.2d 730, 733 n.3 (2d Cir. 1980)).  As Shellpoint did not receive direct notice of any change to the January 15th hearing date, there has been no "serious showing of willful default" on the part of Shellpoint as it concerns the Order to Show Cause.

Moreover, Shellpoint appears to have substantially complied with its obligations under the Order to Show Cause—namely it filed a response to the Expungement Motion and attempted to appear at a hearing on January 15, 2020.  The Debtor points to the fact that Shellpoint filed its response one day after the deadline set forth in the Order to Show Cause.  But while the Debtor's

8

frustration with Shellpoint's overall conduct is understandable, the Court believes that the one day delay in filing its response is not a sufficient basis upon which to entirely invalidate its claim. The Court also rejects the Debtor's argument that Shellpoint failed to act promptly after Shellpoint learned it had missed the January 8, 2020 hearing, *see* Debtor's Objection to Motion at 4, given that the Expungement Order was entered on December 16, 2020 and Shellpoint filed its Motion for Reconsideration on December 30, 2020. *See In re Old Carco LLC*, 423 B.R. 40, 46 (Bankr. S.D.N.Y. 2010) (noting that a motion under rule 60(b) must be made within a reasonable period of time).[1]

## CONCLUSION

For the foregoing reasons, Shellpoint's Motion for Reconsideration under Fed. R. Civ. P. 60(b)(4) and (6) is granted, and the order of December 16, 2020 [ECF No. 71] expunging Claim No. 2-1 is hereby voided. The parties shall meet and confer regarding an appropriate date to argue the merits of their dispute as to Claim No. 2-1 and shall contact the Court to place that matter on the calendar at their earliest convenience.

Dated: April 30, 2021
      New York, New York

                         */s/ Sean H. Lane*
                        UNITED STATES BANKRUPTCY JUDGE

---

[1] In rescheduling the January 15th hearing to January 8th—rather than a later date—the Court is somewhat to blame for the procedural confusion in the case. The Court regrets the confusion resulting from the rescheduling of the hearing and the resulting inconvenience to the parties.

9